(77 South. 347)

BLACKMON v. STATE. (6 Div. 494.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. CRIMINAL LAW ☞804(1)—TRIAL—GENERAL CHARGE—STATUTES.

Under Acts 1915, p. 815, providing that every general charge shall be in writing, or be taken down by the court reporter as delivered to the jury, the court must charge in writing when requested to do so under Code 1907, § 5363, not amended or repealed by the act, which amends sections 5364, and, if there is no request that the charge be in writing, it can be delivered orally, but should be taken down by the court reporter as delivered.

2. CRIMINAL LAW ☞1038(4) — APPEAL — HARMLESS ERROR—FAILURE TO HAVE ORAL CHARGE TAKEN DOWN.

Where it appeared from the record, on appeal from conviction, that there was no objection to the general oral charge, that no objection was made to the proceedings throughout, and that no requested charges were refused defendant, the failure of the trial court to have its oral charge taken down by the reporter as delivered, so that it could be made a part of the record to the Supreme Court, was harmless error.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

William Blackmon, alias, etc., was convicted of murder in the first degree, and he appeals. Affirmed.

Thomas J. Roe, of Ensley, for appellant. W. L. Martin, Atty. Gen., for the State.

ANDERSON, C. J. [1, 2] Act 1915, p. 815, among other things provides:

"Every general charge shall be in writing, or be taken down by the court reporter as it is delivered to the jury."

This simply means that the court shall charge the jury in writing when requested to do so under section 5363 of the Code of 1907, which said section was not amended or repealed by the act in question. (The act amends section 5364, but not 5363.) If there was no request that the same be in writing, then the general charge of the court could be delivered orally, but should be taken down by the court reporter as delivered. The act also provides that in making up the record for appeal the same must contain the general charge of the court, whether given in writing or given orally and taken down by the reporter as delivered. Of course, there was no error in not giving the general charge in writing when no request was made for same under section 5363 of the Code, but it was the plain duty of the trial court to have the charge taken down by the court reporter as delivered in order that it could be made a part of the record to this court. It appears, however, from the record that there was no objection to the general oral charge, or that any objection was made to the proceedings throughout, and that there were no requested charges refused the defendant, so the oral charge, if set out and before us, could neither benefit nor prejudice this appellant. In

other words, it affirmatively appears that this was error without injury under the rule as it existed before the adoption of rule 45 (175 Ala. xxi, 61 South. ix), and resort to which is not necessary to affirm this case.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur.